IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC HENNING, as Executor for the Estate of Lynn E. Henning, Deceased<br>5616 Viewpoint Drive<br>Medina, OH 44256<br><br>　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>C/O U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>　　　Defendant. | CASE NO:<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**AFFIDAVIT OF MERIT ATTACHED** |

Now comes the Plaintiff, by and through counsel, and for its Complaint against Defendant United States of America states as follows:

**FACTS RELEVANT TO ALL CAUSES OF ACTION**

1.　　This is a Federal Tort Claims Act suit brought by Plaintiff against Defendant United States of America, pursuant to the laws of the United States including 28 USC § 1346(b) and 28 USC § 2671-2680 which provide jurisdiction in this Court for this action.

1

2. Plaintiff has fully complied with the requirements of the laws of the United States including 28 USC § 2675 by filing claims with the appropriate federal agency, the United States of America, Department of Veterans Affairs, that were received on August 9, 2019.

3. Plaintiff is entitled to file this suit against the Defendant because on January 13, 2020, Plaintiff's counsel received a letter denying Plaintiff's claims. A copy of the letter is attached as Exhibit "1."

4. Plaintiff had a board-certified surgeon review the medical records and information in this case and he states that the Defendant breached the standard of care and proximately caused injuries to Lynn E. Henning and proximately caused his premature death. An affidavit of merit and report from this expert witness is attached as Exhibit "2."

5. The Louis Stokes Cleveland Department of Veterans Affairs Medical Center ("VA Medical Center") is and was at all times relevant, a hospital, medical center or business duly organized under federal and/or state law, that is located in Cuyahoga County and held itself out to the public, including Lynn E. Henning, deceased, as competent and qualified to provide safe and adequate medical and/or surgical care and treatment.

6. On February 8, 2018, Lynn E. Henning came under the care and treatment of the Defendant United States of America at the VA Medical Center, by and through its physicians, nurses, and other health care providers, after being diagnosed with rectal adenocarcinoma. While under the Defendant's care and treatment, Defendant negligently failed to act as a reasonably prudent health care provider under

2

the same or similar circumstances which ultimately resulted in injuries, damages and the premature death of Lynn E. Henning.

7. For example, Defendant United States of America, by and through its employees and/or agents, negligently allowed chemotherapy medication to be given to Lynn E. Henning three weeks longer than it was ordered.

8. Giving Lynn E. Henning chemotherapy medication for three weeks longer than he was supposed to receive it caused him injuries; caused his pre-existing medical condition to worsen; denied him the opportunity to undergo surgical resection of his rectal adenocarcinoma; and caused his premature death on May 6, 2018.

## COUNT I

9. Plaintiff incorporates herein by reference all of the statements and allegations made in the preceding paragraphs above as if they were fully rewritten herein.

10. Eric Henning is the Executor of the Estate of Lynn E. Henning, deceased, having been duly appointed by the Probate Court of Wayne County, Ohio.

11. Eric Henning brings this wrongful death action for the benefit of himself and other heirs and next of kin of Lynn E. Henning.

12. Between February 1, 2018 and May 6, 2018, Lynn E. Henning was a patient of the Defendant.

13. During this time frame, the Defendant was negligent in providing medical care to Lynn E. Henning and breached the standard of care it owed to him.

14. As a direct and proximate result of the negligence of the Defendant, Lynn E. Henning suffered injuries that ultimately led to his premature death on May 6, 2018.

15. As a further direct and proximate result of the Defendant's negligence, Lynn E. Henning's heirs and next of kin suffered a loss of society of the decedent, including a loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, and instruction.

16. As a further direct and proximate result of the Defendant's negligence, Lynn Henning's next of kin has suffered mental anguish and incurred funeral and burial expenses.

## COUNT II

17. Plaintiff incorporates herein by reference all of the statements and allegations made in the preceding paragraphs above as if they were fully rewritten herein.

18. As a direct and proximate result of the Defendant's negligence, Lynn E. Henning experienced conscious pain and suffering, suffered a loss of ability to perform his usual activities, and suffered other losses and damages from the time of the medical negligence until the time of his death on May 6, 2018.

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $2,000,000.00, together with interest, reasonable attorney fees, the costs of this action, and any other relief to which it is entitled.

Respectfully submitted,

/s/ R. Craig McLaughlin
_____
R. Craig McLaughlin (0068765)
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Ste. 200
Mayfield Hts., OH 44124
Phone: (440) 442-6677
Fax: (440) 442-7944
Email: rmclaughlin@elknandelk.com
*Attorney for Plaintiff*