# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC HENNING, *Executor for the Estate of Deceased Lynn E. Henning,* | ) ) ) ) | CASE NO. 1:20-cv-00314 |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

Plaintiff filed the present action on February 13, 2020, asserting a medical malpractice action against defendant based on allegations pertaining to the medical care decedent received at the United States' Department of Veterans' Affairs Medical Center in Cleveland (VAMC). (R. 1). The matter was previously assigned to Judge Pamela A. Barker, and transferred to me. Thereafter, Plaintiff filed a motion requesting that I disqualify myself from this proceeding. (R. 34).

The basis for the motion is the fact that I worked as an Assistant United States' Attorney (AUSA) on one case, *Sanner v. United States*, Case No.: 1:10-cv-02931, and defended the United States in that unrelated medical malpractice action that included the present plaintiff's counsel and VAMC. *Id.* Although Plaintiff suggests the referenced case was "Not too long ago" (R. 34, PageID# 166), I take judicial notice of that case docket after reviewing the United States District Court for the Northern District of Ohio CM/ECF system, and note it was filed in

December 2010, and settled by Mr. Sanner and plaintiff's counsel on November 2, 2011, nearly eleven years ago. *Sanner v. United States*, Case No.: 1:10-cv-02931 at R. 41.

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a judge "shall also disqualify himself … [w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits *of the particular case in controversy*." 28 U.S.C. § 455(b)(3) (emphasis added).

Starting with the latter scenario under §455(b)(3), disqualification is *only* required where the judicial officer participated in or expressed an opinion concerning the **case at hand** as a governmental employee. "As applied to judges who were formerly AUSAs, §455(b)(3) requires some level of actual participation in a case to trigger disqualification." *U.S. v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) (overruled on other grounds); *see also Baker & Hostetler LLP v. U.S. Dept. of Commerce*, 471 F.3d 1355, 1357-58 (D.C. Cir. 2006). The latter case makes clear:

> Congress chose to draw the recusal line for prior government employment at participation in the proceeding or expression of an opinion concerning the merits of the particular case in controversy. It bears emphasis, moreover, that Congress chose the "personal-participation" rule for recusal based on prior government employment while simultaneously enacting a different and far broader "associational" rule for recusal based on prior law firm employment.

*Baker & Hostetler LLP*, 471 F.3d at 1357-58.

Plaintiff's motion offers no grounds for recusal under section 455(b)(3); and there is no basis for recusal thereunder.

Regarding section 455(a), movant acknowledges "Plaintiff could not locate a case that has the same facts as present here." (R. 34, PageID# 165). I also find no merit in the argument

2

that a presiding judge's "impartiality might reasonably be questioned" in light of the circumstances presented in Plaintiff's motion. First, a judge swears an oath to administer impartial justice, is "presumed to be impartial," and the party seeking recusal "bears the substantial burden of proving otherwise." *Scott v. Metropolitan Health Corp.*, 234 Fed. App'x 341, 355 (6th Cir. 2007) (citations omitted). Second, Plaintiff cites no case law supporting recusal under similar circumstances. The single case cited by Plaintiff is inapposite, as it involved a judge who was previously "of counsel" to a private law firm that represented an interested party in the litigation. *Preston v. U.S.*, 923 F.2d 731, 732 (9th Cir. 1991). Further, it bears noting that since my appointment in 2016 as a United States Magistrate Judge through present day as a United States District Court Judge, I have presided over countless cases that involved the United States or a federal agency as one of the parties. No party or attorney has moved for recusal based on my prior employment as an AUSA, and the present motion presents no objective basis for recusal here.

      The motion requesting recusal (R. 34) is hereby DENIED, for the foregoing reasons.

      IT IS SO ORDERED.

Date: July 27, 2022                                s/ *David A. Ruiz*
                                                                  David A. Ruiz
                                                                  United States District Judge